## J. G. ALLISON v. W. W. GREGORY.

### (No. 2820.)

APPEAL from Galveston County. Opinion by WILL-SON, J.

M. C. McLEMORE and MORGAN MANN, counsel for appellant.

S. S. HANSCOM, counsel for appellee.

§ 62. *Appeal bond from justice's court; conditions of; case stated.* Appellee sued appellant in justice's court to recover an alleged indebtedness of $126. He recovered judgment in said court, and appellant appealed to the county court, in which last-named court his appeal, upon motion of appellee, was dismissed upon the ground that his appeal bond was not such as is required by law. Said appeal bond is conditional that appellant "shall prosecute his appeal with effect, and shall pay all the costs which have accrued in the court below, or which may accrue in the appellate court." Said bond is not conditioned as required by law in such cases. It is required by law that such a bond shall be conditioned "that the appellant shall prosecute his appeal to effect, and shall pay off and satisfy the judgment which may be rendered against him on such appeal." [R. S., art. 1639.] If he is unable to give such bond, he may nevertheless appeal by making an affidavit of his inability, as

prescribed by law. [Sayles' Civil St., art. 1639a.] But these are the only two modes prescribed by law for perfecting an appeal from justice's court, and one or the other of them must be pursued. Article 1400 of the Revised Statutes, providing for an appeal by bond for costs merely, is applicable only to appeals from the district and county courts. It does not apply to appeals from the justice's court, because such appeals are specially provided for by articles 1639 and 1639a, supra, and hence those articles must limit and control the mode of proceeding in such cases. [R. S., art. 1644; 1 Civil Cas. Ct. App., § 409.] We hold that there was no error in dismissing the appeal.

February 19, 1890.    Affirmed.